993 F.2d 1536
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Roy G. DODRILL, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United
States Department of Labor, Respondent.
 No. 92-1279.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: December 10, 1992
Decided: May 26, 1993
 
 On Petition for Review of an Order of the Benefits Review Board. (90-1486-BLA)
 Roy G. Dodrill, Petitioner Pro Se.
 Jill M. Otte, Barbara J. Johnson, United States Department of Labor, Washington, D.C., for Respondent.
 Before NIEMEYER and WILLIAMS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Roy Dodrill petitions this Court for review of a decision of the Benefits Review Board (Board) affirming the Administrative Law Judge's (ALJ's) denial on remand of black lung benefits. The Director has filed a brief on appeal requesting remand, on the basis that the ALJ did not consider all of the relevant evidence in finding rebuttal of entitlement to benefits pursuant to 20 C.F.R.s 727.203(b)(3) (1992). Our review of the administrative record leads us to vacate the decision of the Board and remand this case for further consideration.
 
 I.
 
 2
 Dodrill, a former coal miner with more than ten years of coal mine experience, was allowed to claim the presumption of total disability under 20 C.F.R. § 727.203(a), but was then denied benefits on the ALJ's finding that the Director had rebutted the presumption of entitlement under section 727.203(b)(2), and that Dodrill was not entitled to benefits under 20 C.F.R. § 410, Subpart D (1992). This decision was vacated by the Board, however, and the case was remanded for consideration of whether rebuttal under section 727.203(b)(3) could be established, and for further consideration of Dodrill's entitlement to benefits under section 410.490.
 
 
 3
 On remand, the ALJ considered medical reports from Drs. Rasmussen and Averill. Dr. Rasmussen, who examined Dodrill in 1981 and 1985, concluded that Dodrill's respiratory functional capacity was normal based on objective studies. Dr. Averill, who examined Dodrill in 1979, diagnosed arteriosclerotic cardiovascular disease, "possible mild pneumoconiosis," and angina, related to dust exposure in the mines. The ALJ credited Dr. Rasmussen's report but discredited the report of Dr. Averill for lack of a medical rationale, and found rebuttal under section 727.203(b)(3).
 
 
 4
 The ALJ failed to mention the report of Dr. Bennett. Dr. Bennett, who had treated Dodrill from December 1979 to December 1980, diagnosed chronic obstructive pulmonary disease, pneumoconiosis, and other cardiac conditions. Dr. Bennett was aware of Dodrill's twelve years of coal mine employment and concluded in one report that Dodrill was totally disabled. Despite the ALJ's oversight, the Board affirmed the decision to deny benefits, and this timely appeal followed.
 
 II.
 
 5
 The Supreme Court's decision in Pauley v. Bethenergy Mine, Inc., 59 U.S.L.W. 4778 (U.S. 1991), precludes application of section 410.490. Additionally, the Director concedes invocation of the interim presumption of section 727.203(a)(1), and further concedes that rebuttal under sections 727.203(b)(1), (b)(2), and (b)(4), is unavailable. Hence, the only issue presented by this appeal is whether the ALJ's finding of section 727.203(b)(3) rebuttal is supported by substantial evidence and in accordance with the law. Wilson v. Benefits Review Board, 748 F.2d 198 (4th Cir. 1984).
 
 
 6
 Pursuant to the Administrative Procedure Act, 5 U.S.C. § 557(c)(3)(A) (1988), an ALJ is required to fully explain the basis for his findings. In making findings, the ALJ must consider all of the relevant medical evidence, 30 U.S.C. § 923(b) (1988), and must explain the reason for accepting or rejecting one report over another. Peabody Coal Co. v. Lowis, 708 F.2d 266 (7th Cir. 1983). We conclude that the ALJ in the present case failed to meet these standards by ignoring Dr. Bennett's reports.
 
 
 7
 Accordingly, we remand this case to the Board for further remand to the ALJ, who is directed to consider all of the relevant medical evidence and to explain any choice of one medical assessment over another. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED